UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL  'O'  JS-6

| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

Present: The Honorable  CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christine Haw | Not Present |

**Proceedings:**  **PLAINTIFF YOSSI SABAG'S MOTION TO REMAND (Dkt. 13, filed September 30, 2016)**

## I.    INTRODUCTION

On August 1, 2016, plaintiff Yossi Sabag filed Los Angeles County Superior Court against defendants FCA US, LLC ("FCA") and Does 1–10, inclusive.  Dkt 1-1 ("Compl.").  The complaint alleges six claims: (1) violation of California Civil Code § 1793.2(d) arising from the failure to service or repair plaintiff's vehicle to conform to the applicable express warranties and the failure to promptly replace the vehicle or make restitution; (2) violation of California Civil Code § 1793.2(b) arising from the failure to service or repair plaintiff's vehicle so as to conform to the applicable warranties within 30 days; (3) violation of California Civil Code § 1793.2(a)(3) arising from the failure to make available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period; (4) breach of express written warranty, pursuant to California Civil Code §§ 1791.2(a) and 1794; (5) breach of the implied warranty of merchantability, pursuant to California Civil Code §§ 1791.1(a) and 1794; and (6) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).  Id.

On September 2, 2016, defendant FCA filed an answer to plaintiff's complaint, dkt. 1-3, and removed this action to this Court, dkt. 1 ("Notice of Removal").

On September 22, 2016, plaintiff timely filed his first amended complaint.  Dkt. 8 ("FAC").  In the FAC, plaintiff includes as a defendant San Fernando Motor Company and no longer seeks to recover under the Magnuson-Moss Warranty Act.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

On September 30, 2016, plaintiff filed a motion to remand this action to California state court. Dkt. 13-1 ("Motion"). On October 17, FCA filed its opposition, dkt. 16 ("Opp'n"), and on October 24, 2016, plaintiff filed his reply, dkt. 17.

The Court held oral argument on plaintiff's motion on November 7, 2016. Counsel for FCA did not appear.

## II. BACKGROUND

Plaintiff alleges that, on or about August 24, 2014, he purchased a 2014 Chrysler 300 ("Vehicle") that was manufactured and or distributed by "Defendant."[1] FAC ¶ 7.

In connection with the purchase of the Vehicle, plaintiff avers that he received an express written warranty in which "Defendant" promised "to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." Id. ¶ 8. The warranty provided that plaintiff could deliver the vehicle for repair services to "Defendant's representative" if a defect developing during the warranty period. Id. Plaintiff alleges that the vehicle developed defects relating to the engine, the steering, loss of power and drivability, the "check engine" light, clicking noises, grinding noises, and the engine belt. Id. ¶ 9. Plaintiff contends that defendants have been unable to service or repair the vehicle to conform to the applicable express warranties "after a reasonable number of opportunities." Id. ¶ 10. Plaintiff further avers that defendants have willfully failed to replace the vehicle or make restitution. Id. ¶¶ 10, 13. As a result, plaintiff brings this action under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq., known as California's "Lemon Law."

FCA removed this action to federal court on the basis of diversity jurisdiction. FCA contends that plaintiff is a citizen and resident of California, while FCA is organized under the laws of Delaware and has its headquarters and principal place of business in Michigan. Notice of Removal ¶¶ 6–7. Relying on the allegations in plaintiff's complaint, FCA argues that plaintiff seeks at least $111,345 in damages, comprised of: $25,000 in actual damages, a civil penalty up to two times the amount of actual damages, and the contract price of the vehicle ($37,115), in addition to attorneys' fees. Id. ¶ 8.

---

[1] Plaintiff uses the term "Defendant" to refer to all defendants named in the FAC. FAC ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

## III.  LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As a result, the party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant.  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  If a court finds fraudulent joinder of a sham defendant, it may disregard the citizenship of the sham defendant for removal purposes.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  A non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." (citations and internal quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42; see also Hunter, 582 F.3d at 1042 (9th Cir. 2009) (in deciding whether removal is proper, "the court resolves all ambiguity in favor of remand to state court"). Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure before Trial ¶ 2:2456 (The Rutter Group 2016) (citing W. Am. Corp. v. Vaughan–Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985). However, a court's inquiry into fraudulent joinder ought to be "summary" because "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

Courts in the Ninth Circuit disagree as to what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity. McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606 (S.D. Cal. 2014) (collecting cases). Some courts apply the liberal amendment standard under Federal Rule of Civil Procedure 15(a). See, e.g., Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980, 985 (N.D. Cal. 2011) (recognizing an amended complaint that "merely added certain claims and parties and deleted certain claims, as [p]laintiffs were permitted to do under Rule 15(a)"); In re CBT Grp. PLC Sec. Litig., 98-cv-21014–RMW, 2000 WL 33339615 at *5 n. 6 (N.D. Cal. Dec.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

29, 2000) ("[A]s this court has previously held, joinder of a party when amending the pleadings should be analyzed under the liberal amendment policy of Rule 15.").

By contrast, other courts have found that once a case has been removed to federal court, the court must scrutinize a diversity-destroying amendment to ensure that it is proper under 28 U.S.C. Section 1447(e).  See, e.g., Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1019 n. 2 (C.D. Cal. 2002) ("[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. 1447(e)." (citations omitted)); Hardin v. Wal–Mart Stores, Inc., 813 F. Supp. 2d 1167, 1173 n.2 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28 U.S.C. 1447(e) by relying on Fed. R. Civ. P. 15(a) to join non-diverse parties."); Dooley v. Grancare, LLC, No. 15-cv-3038-SBA, 2015 WL 6746447, *2 (N.D. Cal. 2015) ("[F]ederal courts have concluded that when an amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court; such an amendment must instead be analyzed pursuant to § 1447(e).").

Having considered these conflicting authorities, the Court adopts the approach of the line of cases applying Section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a).  The Court is persuaded by the reasoning set out in McGrath:

First the majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment "as a matter of course" to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under section 1447(e).  Second, while Rule 15(a) addresses amendment of pleadings generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants.  Third, the Ninth Circuit has recognized that a plaintiff's motives are relevant to the question of whether district courts should allow amendment to a complaint to add a party even under the liberal amendment policy set forth in Rules 15 and 20.  Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) ("[W]e conclude that a trial court should look with particular care at [plaintiff's] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court.").

McGrath, 298 F.R.D. at 608.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

Pursuant to Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

When deciding whether to allow amendment to add non-diverse defendants under Section 1447(e), courts generally consider the following factors:

(1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Calderon v. Lowe's Home Ctrs., LLC, No. 2:15-cv-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. 2015) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (C.D. Cal. 2000)). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz v. Bank of N.Y. Mellon, No. 5:12-cv-00846–LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)(quotation marks omitted).

## IV. DISCUSSION

### A. Joinder

If plaintiff's joinder of the San Fernando Motor Company ("SFMC")—a California corporation—is proper, complete diversity is not satisfied and the Court may not exercise its diversity jurisdiction. Therefore, the Court first considers whether plaintiff's joinder of the SFMC is proper.

### 1. The Extent to which SFMC is Necessary for Just Adjudication

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). However, while courts consider the standard set forth under Rule 19 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

determining whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." <u>IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.</u>, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." <u>Id.</u> at 1012.

Plaintiff alleges that the SFMC is the dealership that sold the Vehicle to plaintiff and serviced the Vehicle. Motion at 11. Plaintiff argues that he alleges the same Song-Beverley Act claims against SFMC and FCA and that his claims "involve the same Vehicle, the same alleged transmission defect, and the same protracted and, ultimately unsuccessful attempt to repair the Vehicle." <u>Id.</u> He avers that the resolution of his claims would "require many of the same documents and witnesses and turn on many of the same legal and factual questions." <u>Id.</u> In addition, plaintiff contends that the addition of SFMC may be necessary in the event that FCA argues that plaintiff is not in vertical privity with FCA. <u>Id.</u> at 12. Accordingly, the Court finds that it cannot be said that SFMC is only "tangentially related" to the existing claims against FCA; rather, SFMC is directly related to these claims for relief, and was, allegedly, a direct participant in the conduct which gives rise to plaintiff's existing claims against FCA. This factor, therefore, weighs in favor of granting plaintiff leave to amend the complaint.

## 2.   Statute of Limitations

Plaintiff's action against SFMC is not time-barred by the statute of limitations because he alleges, and FCA does not dispute, that he purchased the Vehicle less than two years ago. FAC ¶ 7. "[A]lthough [t]he Song-Beverly Act does not include its own statute of limitations, California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by the same statute that governs the statute of limitations for warranties arising under the [California] Commercial Code." <u>Philips v. Ford Motor Co.</u>, No. 5:14-cv-02989-LHK, 2016 WL 1745948, at *6 (N.D. Cal. May 3, 2016) (quotation marks omitted). "[T]he statute of limitations for an action for breach of warranty under the Song-Beverly Act is four years pursuant to section 2725 of the Uniform Commercial Code." <u>Mexia v. Rinker Boat Co.</u>, 174 Cal. App. 4th 1297, 1306 (2009). Accordingly, this factor supports remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

### 3.   Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion."  <u>Clinco</u>, 41 F. Supp. 2d at 1083.

Here, plaintiff filed his FAC within 21 days after service of FCA's answer and notice of removal, and less than two months after filing his initial complaint.[2]  This delay is "not unreasonable under this circuit's precedents," as the parties have yet to file dispositive motions.  <u>Compare</u> <u>Lara v. Bandit Industries, Inc.</u>, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. March 19, 2013) (holding that filing five months after the initial complaint and three months after removal was not untimely when the parties had not filed dispositive motions), <u>with</u> <u>Lopez v. Gen. Motors Corp.</u>, 697 F.2d 1328, 1332 (9th Cir. 1983) (finding that it "was too late" to add a diversity-destroying defendant over six months after removal and just four days before a hearing was set on the motion for summary judgment); <u>see also</u> <u>Yang v. Swissport USA, Inc.</u>, No. 3:09-cv-03823-SI, 2010 WL 2680800, at *4 (N.D. Cal. 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court"); <u>Stout v. Int'l Bus. Machines Corp.</u>, No. 2:16-cv-4914-MOA-JW, 2016 WL 4528958, at *7 (C.D. Cal. Aug. 30, 2016) (finding plaintiff's filing of a first amended complaint within one month of removal timely); <u>Boon</u>, 229 F. Supp. 2d at 1023 ("Plaintiffs did not unreasonably delay in filing their First Amended Complaint where it was filed less than three months after they filed their original complaint in Superior Court, and less than a month after removal.").

Accordingly, the Court concludes that this factor weighs in favor of remand.

### 4.   Motive behind Joinder

FCA argues that the Court should deny plaintiff's motion for leave to amend because plaintiff's motive in adding SFMC as a defendant is "to defeat diversity jurisdiction."  Opp'n at 5.  FCA further contends that "[t]he dealership is not a necessary

---

[2] Because plaintiff filed his FAC within 21 days of the filing of FCA's answer, plaintiff's amendment was timely under Rule 15(a)(1)(B) and—contrary to FCA's assertion, <u>see</u> Opp'n at 5—plaintiff need not seek leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 | |
|---|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 | |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | | |

party in this action.  Warranty obligations belong in principal with the manufacturer, and there is no benefit to the consumer in adding the dealer as a defendant."  Id. at 6.

In some cases, courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint.  For example, in Clinco, the court "suspect[ed]" that plaintiff had joined the new defendants in an effort to defeat federal jurisdiction because plaintiff was aware of the removal and filed an amended complaint that was substantially similar to the original complaint.  See Clinco, 41 F. Supp. 2d at 1083 n.2.  Here, plaintiff's original and first amended complaints are substantially similar.  The FAC differs primarily because of the addition of SFMC as a defendant and the omission of plaintiff's claim under the Magnus-Moss Warranty Act.

Notwithstanding the similarities between the original and first amended complaints, other factors weigh in favor of remand.  First, the question of whether joinder is solely intended to defeat jurisdiction is "intertwined" with the question of whether the claims against the new defendant appear valid.  See McGrath, 298 F.R.D. at 608 ("[A]n assessment as to the strength of the claims against the proposed new Defendants bears directly on whether joinder is sought solely to divest this Court of jurisdiction.").  As described below, the Court finds that plaintiff's claim against SFMC is facially legitimate and, therefore, that plaintiff's motive is not *solely* to destroy diversity.  Second, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."  IBC Aviation, 125 F. Supp. 2d at 1012 (citing Trotman v. United Parcel Service, No. 3:96-cv-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996)).  Third, plaintiff "is doing nothing more than exercising her right to amend the complaint 'once as a matter of course[.]'"  Stout, 2016 WL 4528958, at *8 (quoting Fed. R. Civ. P. 15(a)(1)).

The Court therefore concludes that plaintiff's motive is a neutral factor or weighs modestly in favor of denying plaintiff's motion.

### 5.      Apparent Validity of Plaintiff's Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)."  Taylor v. Honeywell Corp., No. 09-cv-4947-SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010).  In considering the validity of plaintiff's claims, "the [c]ourt need only determine whether the claim seems

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

valid" which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.  Freeman v. Cardinal Health Pharm. Servs., LLC, No. 2:14-cv-01994-JAM-KJN, 2015 WL 2006183, *3 (E.D. Cal. 2015) (rejecting defendant's assertion that "the Court should consider whether the amended complaint could be defeated by a motion to dismiss") (quotation marks omitted).

As stated above, plaintiff seeks to add claims against SFMC for violations of the Song-Beverly Act.  In its opposition, FCA does not directly address the validity of plaintiff's proposed claims against SFMC.  Instead, in addressing plaintiff's "motive" for amendment, FCA briefly states that plaintiff's "sole purpose is to defeat federal jurisdiction" because "[t]he dealership is not a necessary party in this action. Warranty obligations belong in principal with the manufacturer, and there is no benefit to the consumer in adding the dealer as a defendant."  Opp'n at 6.  However, FCA cites no authority for its assertion that a car dealer is not subject to warranty obligations. Moreover, courts have found car dealers liable for breach of warranty under the Song-Beverly Act.  See, e.g., Jones v. Credit Auto Ctr., Inc., 237 Cal. App. 4th Supp. 1, 4 (2015) (concluding that the dealership breached the implied warranty of merchantability under the Song-Beverly Act when, within three months of sale, a latent defect was discovered); Reveles v. Toyota by the Bay, 57 Cal. App. 4th 1139 (1997) (permitting recovery against the car dealer, pursuant to the Song-Beverly Act) disapproved of on other grounds by Gavaldon v. DaimlerChrysler Corp., 32 Cal. 4th 1246, 90 P.3d 752 (2004).

Accordingly, FCA has failed to demonstrate that plaintiff does not have "facially legitimate" claims against SFMC.  This factor, therefore, weighs in favor of granting plaintiff's motion.

### 6.    Prejudice

"Prejudice exists if the proposed defendant is 'crucial' to the case.  Prejudice does not exist if complete relief can be afforded without that defendant."  McCarty v. Johnson & Johnson, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. 2010) (citation omitted).  FCA makes no argument that it will suffer prejudice if plaintiff is permitted to amend his complaint.

As stated above, plaintiff has facially legitimate claims against SFMC that arise out of the same series of transactions and occurrences as his claims against FCA.  If the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against FCA before this Court and an action against SFMC in California state court.  See Lara, 2013 WL 1155523, at *5 ("This Court . . . finds that precluding Plaintiffs from joining Cal-Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal-Line or to initiate a duplicative litigation in state court.").  Because SFMC is a potentially responsible party, plaintiff will be prejudiced in its absence.

Accordingly, the Court finds that this factor weighs in favor of remand.

### 7.   Summary

In sum, the Court finds that five of the six relevant factors under Section 1447(e) counsel in favor of remand; the sixth factor is either neutral or weighs modestly against remand.   Given the balance of these factors, the "strong presumption" against removal jurisdiction, and the heavy burden of proving fraudulent joinder, the Court concludes that plaintiff's joinder of SFMC was proper.

### B.   Motion for Remand

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  In its notice of removal, FCA argued that diversity jurisdiction existed because the amount in controversy exceeded $75,000 and the parties were diverse—specifically, plaintiff is a citizen of California where as FCA is a citizen of Delaware and Michigan.  However, with the addition of SFMC as a defendant, this action is no longer between parties of diverse citizenship: both plaintiff and SFMC are citizens of California.

As jurisdiction no longer exists on the basis of diversity, the Court **GRANTS** plaintiff's motion to remand.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); id. § 1447(e) ("If after removal the plaintiff seeks to join additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06639-CAS(RAOx) | Date | November 7, 2016 |
| Title | YOSSI SABAG v. FCA US, LLC ET AL. | | |

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit joinder and remand the action to the State court*.") (emphasis added).[3]

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand this action to state court.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

_____

[3] The Court does not address whether FCA has established that the amount in controversy exceeds $75,000 because the Court concludes that joinder is appropriate and, as a result, the parties are not in complete diversity.